CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 07/21/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CAROL JEPPESEN,

                Plaintiff,

-against-

PRI US, INC., PRI ASSOCIATION, LORENZO SAA, LIAN HILLIER, LINDSEY WALTON, and CAMBRIA ALLEN-RATZLAFF,

                Defendants.

Index No.

**SUMMONS WITH NOTICE**

Plaintiff designates New York County as the place of trial pursuant to CPLR 503(a). Defendant PRI US, Inc. maintains an office in New York County and regularly transacts business in New York County. The individual named defendants also regularly transact business in New York in performing their roles with PRI US, Inc. and PRI Association.

**TO THE ABOVE-NAMED DEFENDANTS:**

    **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance or demand for a complaint on Carol Jeppesen at the address set forth below within twenty (20) days after service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if the summons is not delivered to you personally within the State of New York.

    **YOU ARE HEREBY NOTIFIED THAT** should you fail to serve a notice of appearance or demand for a complaint, judgment will be entered against you by default for the relief demanded below including, without limitation, compensatory damages, punitive damages, and attorneys' fees and costs in the sum of six million, two hundred and sixteen thousand, six hundred and twenty-three dollars (U.S. $6,216,623.00), plus pre-judgment interest.

Dated: July 21, 2025
      New York, New York

                                  **PRYOR CASHMAN LLP**

                                  */s/ LaKeisha M.A. Caton*
                                  LaKeisha M.A. Caton
                                  7 Times Square
                                  New York, New York 10036
                                  Telephone: (212) 326-0841
                                  lcaton@pryorcashman.com
                                  *Attorneys for Carol Jeppesen*

**TO:**    **LEWIS BRISBOIS BISGAARD & SMITH LLP**
          Elior D. Shiloh
          7 World Trade Center
          New York, New York 10007
          *Attorneys for PRI US, Inc.*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                          RECEIVED NYSCEF: 07/21/2025

Case 1:25-cv-06069-JLR    Document 1-1    Filed 07/23/25    Page 2 of 3

**PLEASE TAKE NOTICE** that this is an action for claims of fraud, discrimination, harassment, hostile work environment, retaliation, failure to accommodate, defamation, promissory estoppel, and intentional infliction of emotional distress.

**PLEASE TAKE FURTHER NOTICE** that the facts underlying this action are as follows: Plaintiff Carol Jeppesen ("Plaintiff" or "Jeppesen"), is an individual currently residing in the State of Colorado. Upon information and belief, Defendant PRI US, INC. (together with defendant PRI Association, "UNPRI") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 142 W. 57th Street, 11th Floor, New York, New York, 10019. Upon information and belief, PRI Association is an organization with a registered office at 5th floor, 25 Camperdown Street, London, UL, E1 8DZ. Upon information and belief, Defendants Lorenzo Saa and Lian Hillier are individuals currently residing in London, UK. Upon information and belief, Lindsey Walton is an individual currently residing in Toronto, Canada. Upon information and belief, Cambria Allen-Ratzlaff is an individual currently residing in the state of Michigan.

Plaintiff was employed by UNPRI from 2015 through 2024. For the vast majority of her employment, she worked from UNPRI's New York office. Plaintiff played a central role in building the organization's most strategically and financially significant market. On or about December 15 of 2021, Jeppesen submitted a complaint against Chris Fowle, UNPRI's former Director of Americas, for discrimination, including a multi-year hostile work environment. Specifically, the hostile work environment that was created was rooted in animus toward her protected status and protected activity, including her repeated efforts to assert rights related to pregnancy, parental leave, and caregiving accommodations. Jeppesen's complaint was investigated and UNPRI determined on February 3, 2022 that Mr. Fowle had, in fact, engaged in a multi-year pattern of misconduct and abuse.

Following that determination, UNPRI leadership, including the named individual defendants, retaliated against Jeppesen and committed fraud when they knowingly made false legal directives upon Jeppesen, with the intent to induce Jeppesen's reliance, and upon which Jeppesen did rely to her detriment. Thereafter, despite repeated promises and assurances by UNPRI regarding support, role continuity, and internal grievance protections, Jeppesen faced reputational isolation, pay suppression, diminishment of responsibilities, denial of advancement opportunities, and ultimately termination as a result of her protected activity. Following Jeppesen's termination, she was replaced by younger, less experienced and less qualified employees. This treatment was due, in part, to retaliation for Jeppesen's complaint, as well as a result of systemic bias as a U.S.-based female leader within a Eurocentric organizational culture that marginalized American perspectives.

After Jeppesen's termination in November 2024, UNPRI leadership engaged in defamatory communications and implicit blacklisting that obstructed her future employment opportunities and damaged her professional standing.

As a result of this conduct, Plaintiff is entitled to damages in an amount to be proven but in no event less than $6,216,623, comprised of (1) $3,966,623 in compensatory damages for lost earnings and benefits, emotional distress, reputational harm; (2) $2,000,000 in punitive damages; and (3) $250,000 in attorneys' fees and costs.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

**PLEASE TAKE FURTHER NOTICE** that the relief sought in this action is compensatory and punitive damages to compensate for the harm Jeppesen has faced, plus interest and costs and attorneys' fees incurred in connection with this action.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff expressly reserves her right to amend her claims in this action to include other causes of action as may be appropriate.

**PLEASE TAKE FURTHER NOTICE** that, upon Defendants' failure to appear, judgment will be taken against Defendants for a sum of at least $6,216,623, together with all available interest, and the costs of this action, including attorneys' fees.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.